

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 21, 1976

The Honorable Bob Bullock
Comptroller of Public Accounts
Lyndon B. Johnson Building
Austin, Texas   78774

Opinion No. H-768

Re:  Method by which
salaries of state employ-
ees are to be calculated
when employees receive
pay for only part of a
month.

Dear Mr. Bullock:

You have requested our opinion concerning article V,
section 2(a) of the current appropriations act, Acts 1975,
64th Leg., ch. 743, p. 2417, which provides in part at page
2845:

> All annual salaries appropriated by this
> Act shall be paid in twelve (12) equal
> monthly installments, except as other-
> wise provided in Article II of this Act.
> . . . The equivalent hourly rate of pay
> for annual employees maintaining a 40
> hour work week and covered under Article
> 5165a, Vernon's Civil Statutes, as amended,
> shall be determined by dividing the annual
> salary by 2,080.  This basis applies to
> partial pay overtime and other special
> situations.  When a full-time or regular
> part-time employee is on leave without
> pay, compensation for that particular
> pay period shall be reduced at the equi-
> valent hourly rate of pay times the num-
> ber of work hours lost by leave without
> pay.

You have presented the following examples of the operation of this provision:

### EXAMPLES OF SALARY COMPUTATIONS PURSUANT TO ART. V § 2

All examples are based on an employee receiving a salary of $12,000.00 annually, $1,000.00 monthly or $5.77 hourly.

Calculation for Partial Month's Pay:

1) An employee who works 22 days during a month which has 23 working days will have his pay computed as follows:

   22 days x 8 hrs. x $5.77 per hr. = $1,015.52 or $15.52 more than the $1,000.00 he would have received for working a full month.

2) An employee could work 21 2/3 days during a month containing 22 or 23 working days and be paid $1,000.00 which is as much as an employee who worked the full month.

   21.67 days x 8 hrs. x $5.77 per hr. = $1,000.00

Calculation of Partial Month Due to Employee being on LWOP [Leave Without Pay]:

1) During a month having 23 working days, an employee on LWOP for 22 days will have his pay computed as follows:

   $1,000.00 - 22 days x 8 hrs. x $5.77 = -$15.52

In this case, not only is he not paid for the day worked, but he owes the state $15.52. If he had been paid positively for the day worked, he would have received $46.16.

2) During a month having 21 working days, an employee on LWOP for 19 days will receive $122.96 using the negative method:

$1,000.00 - 19 days x 8 hrs. x $5.77 = $122.96

If he were to be paid on the partial month positive approach, the calculation would be:

2 days x 8 hrs. x $5.77 = $92.32

3) In certain cases such as maternity where an employee may be on LWOP for 23 working days of a 23 working day month, the calculation would be as follows:

$1,000.00 - 23 working days x 8 hrs. x $5.77 = -$61.68

Instead of simply not being paid for the month on LWOP, the employee owes the State $61.68.

4) According to the procedure as outlined in Art. V, an employee on LWOP for 20 days during a pay period of 20 working days could theoretically be paid $76.80 even though no work was actually performed:

$1,000.00 - 20 days x 8 hrs. x $5.77 per hr. = $76.80

Positive Partial Month's Pay Calculation compared to Negative LWOP Calculation for same Pay Period:

In a month with 21 working days, an employee working 18 days and terminating would receive the following compensation:

18 days x 8 hrs. x $5.77 per hr. = $830.88

An employee who also works 18 days in a month with 21 working days and is on LWOP for 3 days would receive the following compensation:

$1,000.00 - 3 days x 8 hrs. x $5.77 per hr.
= $861.52

These examples clearly indicate that employees working the same number of days in the same pay period at the same pay scale can receive different compensation.

In light of these problems, you ask:

1) Is the language of Article V, § 2 pertaining to the hourly rate calculation and the situations to which it applies so inequitable and contradictory so as to render it void?

. . .

3). . . [M]ay the Comptroller continue to use the current method of hourly rate calculation for partial pay, overtime, and leave without pay?

4). . . [M]ay the Comptroller use an alternative method which involves the same mathematical concept, but is not a "yearly" hourly rate as is demonstrated in Attachment B?

It is well established that where adherence to the strict letter of a law would lead to injustice, absurdity, or contradiction, the law should be given a reasonable construction. Magnolia Petroleum Co. v. Walker, 83 S.W.2d 929 (Tex. Sup. 1935); 53 Tex.Jur.2d Statutes § 165. As your examples indicate, a strict adherence to section 2(a) can result both in absurd, ridiculous, and unjust consequences and in a violation of the minimum wage provisions of article 5159d, V.T.C.S. We do not believe the Legislature intended section 2(a) to be so applied. To the contrary, we believe the Legislature intended the questionable and unworkable provisions of section 2(a) to be directory rather than mandatory. See Bishop v. Houston Independent School Dist., 29 S.W.2d 312 (Tex. Sup. 1930); 53 Tex.Jur. Statutes § 15. The Comptroller in the exercise of his duty to "[s]uperintend the fiscal concerns of the State" should be guided but not bound by the language of section 2(a). See V.T.C.S. art. 4344, § 3; Attorney General Opinion H-645 (1975).

Thus, while section 2(a) is not void, the Comptroller need not strictly adhere to its provisions concerning special situations.  If upon review of the operation of the procedures contained in section 2(a) the Comptroller determines them to be unworkable, in our opinion he may select other reasonable procedures for computation of pay in special situations.  Accordingly, we answer your last two questions in the affirmative.

### S U M M A R Y

Article V, section 2(a) of Senate Bill 52, Acts 1975, 64th Leg., ch. 743, p. 2417, should be construed by the Comptroller as directory.  If the procedures established therein are determined to be unworkable, the Comptroller may select another reasonable method for the calculation of pay in special situations.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb